Emil Kiewert Co. vs. Hoyt and others.

---

EMIL KIEWERT COMPANY, Appellant, vs. HOYT and another, Defendants, MARINER and others, Garnishees, etc., Respondents.

*February 4 — March 1, 1887.*

*Garnishment: Service on principal defendant.*

*Winner v. Hoyt, ante,* p. 278, followed.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that June 3, 1885, the plaintiff recovered a judgment in the circuit court for Milwaukee county against *E. S. Hoyt* and Wesley Kinney upon a claim upon which they were liable as copartners, for the sum of $519.25; that after the issuance of an execution and before it was returned or returnable, and on May 15, 1886, garnishee proceedings were commenced by the due service of garnishee summons and affidavit upon the several garnishees named by the sheriff; that May 18, 1886, the garnishee summons and affidavit were duly served upon the defendant Kinney by the sheriff, who returned, in effect, that on the same day he served the same "on the defendant *E. S. Hoyt*, by leaving at his room in the Hampshire block a true copy thereof and of each of them; said defendant *E. S. Hoyt* not having been found, he being a traveling man and not married,— has no family;" that June 4, 1886, one of the garnishees, *Mrs. McLeod*, answered, denying the possession of any property or credits; that June 24, 1886, the said

*E. S. Hoyt* and also the garnishees obtained separate orders to show cause why the service of garnishment should not be vacated and set aside for the reason that said garnishment papers were not served upon said *E. S. Hoyt* either before or within ten days after the service upon the garnishees, as they might have been, nor at all; that thereupon, and before the hearing of the motions or the filing of the said sheriff's return, he amended the same by adding: "I further certify that after using due diligence, search, and inquiry, I could not find the within-named defendant *E. S. Hoyt* in my county or state;" that said *E. S. Hoyt* was, during the time, a bachelor, and for three years had occupied apartments in said New Hampshire block, in Milwaukee, and taken his meals at hotels and restaurants, wherever it happened to be convenient; that he was in the employment of Webster Bros., of Milwaukee, and his business kept him much of the time traveling on the road, but always within the state, and never concealed; that his whereabouts could always be ascertained by inquiry at the office of Webster Bros.; that he was openly going about in the city of Milwaukee from May 14, 1886, to May 18, 1886, inclusive; "that the indebtedness, money, property, credits, or effects in the hands of said garnishees, and which is sought to be reached by this garnishment proceeding, is solely and only the copartnership assets of said *Hoyt* and Kinney, and none other;" that August 7, 1886, and upon the records and proceedings in the cause, the court ordered, in effect, that the orders to show cause be made absolute, that the service of the garnishee summons in this action upon the several garnishees therein named be vacated and set aside, and declared void from the beginning, and that the garnishees be discharged from all liability in the action. From that order the plaintiff appeals.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan,* and oral argument by *Mr. Cotzhausen.*

For the respondents there was a brief by *E. Mariner* and *Frank M. Hoyt*, attorneys for the garnishees, and *Johnson, Rietbrock & Halsey*, attorneys for *E. S. Hoyt*, and the cause was argued orally by *Mr. Mariner*.

CASSODAY, J.   For the reasons given in the opinion filed herewith in the case of *Winner v. Hoyt, ante*, p. 278, we must hold that the court had jurisdiction of the property and credits in the hands of the garnishees, and that the notice given was sufficient to prevent the service on the garnishees from becoming void and of no effect from the beginning.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause is remanded for further proceedings according to law.